**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **D.W., et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )    **Civil Action No. 18-cv-1824 (CRC)** |
| | ) |
| **DISTRICT OF COLUMBIA,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**DEFENDANT DISTRICT OF COLUMBIA AND PLAINTIFFS' JOINT REPORT ON**
**THE MEET AND CONFER CONFERENCE**

Defendant the District of Columbia (the "District") and Plaintiffs (*hereinafter referred to as* "Parties"), pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3(d), hereby state that on September 19, 2018 and September 25, 2018, Parties conferred via email and respectfully submit this joint report.  Descriptions of the Parties' respective positions as to each issue set forth in Local Rule 16.3(c) are set forth below.

**Joint Statement of the Case and its Bases**

Plaintiffs filed this complaint appealing the May 18, 2018, Hearing Officer Decision ("HOD") because the HOD determined that Plaintiffs' designee with expertise in education, Dr. Paul Livelli, could not observe D.W. in his educational placement unless Dr. Livelli certified that he would not use the observation in any possible later litigation concerning D.W.  It is Plaintiff's position that the HOD is incorrect and that D.C. law allows for a parental designee to observe a student in her or his educational placement without any restrictions beyond those included in the D.C. Code.

1

Defendant has filed an Answer to Petitioner's Amended Complaint ("Answer"). It is the District's position that the Hearing Officer Decision ("HOD") is supported by substantial evidence, is in accordance with the applicable law, and should be affirmed by this Court as a matter of law. It is further the District's position that D.C. law allows for a designee with professional expertise in the area of special education, if appointed by the parent of a child with a disability, to observe a child's current or proposed special educational program, provided that the designee is neither representing the parent's child in litigation related to the provision of a FAPE for that child, nor has a financial interest in the outcome of such litigation. More importantly, any information gained by the designee from such observation shall not be disclosed or used for the purpose of seeking or engaging clients in litigation against the District or the LEA.

The Parties have conferred regarding scheduling and state as follows:

**1.     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

The Parties expect the case to be resolved by dispositive motion.

**2.     The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

The Parties have attempted to narrow the issues in dispute, but have failed to do so.

**3.     Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

Plaintiffs: agree to the case being referred to a magistrate judge.

Defendant: does not consent to referral of the case to a Magistrate Judge.

**4.     Whether there is a realistic possibility of settling the case.**

The Parties do not believe there is a possibility of settlement of this case at this time.

2

**5.      Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The Parties do not believe this case would benefit from ADR.

**6.      Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross motions, oppositions, and replies; and proposed dates for a decision on the motions**.

The Parties believe that this case may be resolved by summary judgment. The Parties propose the following deadlines:

> Defendant will file Administrative Record by December 5, 2018;
>
> Plaintiffs will file Motion for Summary Judgment by January 18, 2019;
>
> Defendant will file Opposition to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgment by March 8, 2019;
>
> Plaintiffs will file Opposition and Reply to Defendant's Cross Motion and Opposition by April 26, 2019;
>
> Defendant will file Reply to Plaintiffs' Opposition to Defendant's Cross-Motion for Summary Judgment by May 10, 2019.

**7.      Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P, and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The Parties stipulate to dispense with the requirements of Rule 26(a)(1).

**8.      The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The Parties do not believe that discovery will be necessary.

**9.      Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties have agreed that the Defendant will provide the Administrative record on

December 5, 2018; at this time, these are the only documents to be disclosed.

**10.     Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The Parties do not anticipate any issues about claims of privilege or of protection. Should

there arise any such issues, the Parties will work together to reach an agreement regarding a

protective order.

**11.     Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

The Parties do not currently believe that experts will be necessary, as the Parties believe

this case can be decided based on dispositive motions. It is further the District's position that no

additional expert witness reports are necessary in light of the issued HOD and this case's

extensive administrative record.

**12.     In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

The provisions of this paragraph are not applicable because this case is not a class action.

**13.     Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Bifurcation is not requested.

**14.     The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The Parties believe that a trial is not necessary.

**15.     Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Parties believe that a trial is not necessary.

**16.     Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None at this time.

DATED: September 27, 2018                    Respectfully submitted,

/s/ Caroline J. Wick
Caroline Wick
Staff Attorney
Children's Law Center
501 3rd Street NW, 8th Floor
Washington, DC 20001
Phone: (202) 467-4900 x. 555
Fax: (202) 467-4949
cwick@childrenslawcenter.org
*Attorney for Plaintiff*

- AND-

DATED: September 27, 2018                    Respectfully Submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Glenn T. Marrow*
GLENN MARROW[1]
Chief, Civil Litigation Division

/s/ *Pegah Ebrahimi Eftekhari*

---

[1] Admitted to the District of Columbia bar and awaiting his registration number.

PEGAH EBRAHIMI EFTEKHARI [1030546]
Assistant Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
202-724-5695
202-741-0667 (fax)
pegah.eftekhari@dc.gov

*/s/ Aaron J. Finkhousen*
AARON J. FINKHOUSEN [1010044]
Assistant Attorney General
Suite 630 South
441 Fourth Street, NW
Washington, D.C. 20001
(202) 724-7334
(202) 730-0493 (fax)
aaron.finkhousen@dc.gov

*Counsel for Defendant District of Columbia*

6

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **D.W., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 18-cv-1824 (CRC)** |
| | ) | |
| **DISTRICT OF COLUMBIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

Upon consideration of the parties' proposed briefing schedule, filed on September _____,

2018, it is this _____ day of _____, 2018,

**ORDERED**, that the briefing schedule the parties have proposed is accepted; and it is

**FURTHER ORDERED**, that Defendant shall file the administrative record on or before

December 5, 2018, Plaintiffs shall file their motion for summary judgment by January 18, 2019;

Defendant shall file its opposition to Plaintiffs' motion for summary judgment and cross-motion

for summary judgment by March 8, 2019; Plaintiffs shall file their opposition and reply to

Defendant's cross-motion and opposition, respectively, by April 26, 2019; and Defendant shall file

its reply to Plaintiffs' opposition to defendant's cross-motion for summary judgment by May 10,

2019; and it is

**FURTHER ORDERED:** That this order may be modified by the Court for good cause

shown.

**SO ORDERED.**

_____
Judge Christopher R. Cooper
United States District Court